IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
ABERDEEN DIVISION

**KERRY DWAYNE STEVENS**　　　　　　　　　　　　　　　　**PETITIONER**

v.　　　　　　　　　　　　　　　　　　　　　　No.: 1:03cr130-GHD-1

**UNITED STATES OF AMERICA**　　　　　　　　　　　　　　**RESPONDENT**

## MEMORANDUM OPINION AND ORDER

This matter comes before the Court on the pro se motion of Petitioner, Kerry Dwayne Stevens, filed pursuant to 28 U.S.C. § 2255, to vacate the conviction and sentence imposed on him after he pleaded guilty to the production of child pornography in violation of 18 U.S.C. § 2251(a). Having considered Petitioner's pleadings, as well as the record and the applicable law, the Court finds that the motion should be denied, for the following reasons.

### Background

On August 23, 2003, employees of UMA Enterprises were renting Petitioner's home in Tupelo, Mississippi, during the week of the Tupelo Furniture Market. On that date, one of the renters attempted to use the home computer located in the living room of the residence, and while looking for a blank computer diskette, the renter found three separate diskettes that contained photographs of what the renter believed to be child pornography. The images were shown to another renter the following morning, and the Tupelo Police Department was contacted. Possession of the diskettes was transferred to the police, who then contacted the FBI. Both a Tupelo Police Officer and an FBI agent viewed the images on one of the diskettes and found images of the genital area of one or more prepubescent females. In some of the images, the child was fully clothed in bedclothes, while her clothing was pulled away from her body in others to

1

expose her pubic area. A search warrant was obtained for Petitioner's home.

A search of Petitioner's home was executed pursuant to the warrant on August 27, 2003. Among the recovered items were a Fuji DX-9 camera, a computer, and several computer diskettes, including a CD-ROM disk. Petitioner, who was at his residence while the search warrant was executed, informed an FBI agent that the images were of one of his daughter's friends, and he provided the agent with the child's name. Both the minor child's mother and Petitioner's wife identified the clothing in the images as belonging to their daughters.

The materials used to create and store the images were also recovered. The plate and serial number on the Fuji camera identified it as being made in China, while the CD-ROM disk and diskettes were made by the Verbatim Company in Tijuana, Mexico. One of the computer's hard drives was identified as having been made in Singapore, while the other hard drive was determined to have been made in Thailand.

On February 13, 2004, Petitioner pled guilty to Counts III and V of a six count indictment, which charged him with the production of child pornography in violation of 18 U.S.C. § 2251 and § 2256. On June 3, 2004, he was sentenced on each count to serve a 180 month term of imprisonment in the custody of the United States Bureau of Prisons, with the sentences to run concurrently.[1] Petitioner did not pursue a direct appeal. On or about June 26, 2013, he filed the instant motion to vacate, arguing that § 2251(a) is an unconstitutional extension of the Commerce Clause to the United States Constitution, because he merely created and possessed child pornography. The absence of a commercial, interstate, or economic element

---

[1] Petitioner was also sentenced to a five year term of supervised release, and a $200 special assessment was imposed. Judgment was entered on June 7, 2004.

to his offenses, he argues, places his conduct beyond the power of Congress to punish under the Commerce Clause. He maintains that, because he is actually innocent of the offenses to which he pleaded guilty, his claim is not time-barred under the one-year statute of limitations applicable to § 2255 motions.

## Discussion

Motions under § 2255 are subject to the one-year statute of limitations commencing from the latest of the times set forth in § 2255(f)(1)-(4). These times are:

> (1) the date on which the judgment of conviction becomes final;
> (2) the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;
> (3) the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
> (4) the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence.

Petitioner's judgment was entered on June 7, 2004, and he did not pursue a direct appeal. His conviction became final for purposes of § 2255 when the time expired for him to file a timely appeal, which was fourteen days following the date judgment was entered against him. *See, e.g., United States v. Plascencia,* 537 F.3d 385, 388 (5th Cir. 2008); Fed. R. App. P. 4(b)(1). Therefore, Petitioner's conviction became final and the one-year statute of limitations began to run on June 21, 2004, and his § 2255 motion should have been filed on or before June 21, 2005, in order to be timely. Because Petitioner did not file his original § 2255 motion until June 26, 2013, his motion is untimely.

Petitioner maintains that his motion is timely because he is actually innocent, citing the

recent Supreme Court decision in *McQuiggin v. Perkins*, No. 12-126, ___ U.S. ___, 2013 WL 2300806 (May 28, 2013). There, the Court held "that actual innocence, if proved, serves as a gateway through which a petitioner may pass whether the impediment is a procedural bar. . . or, as in this case, expiration of the statute of limitations." *Id.* at *3. To claim this exception, however, he "must show that it is more likely than not than no reasonable juror would have convicted him in light of the new evidence." *Id.* at * 11 (citation omitted). In this case, Petitioner pleaded guilty to the crimes, and he does not offer any new evidence to support his claim of constitutional error. Therefore, the "actual innocence" exception is not applicable to his claim.[2]

Petitioner otherwise states that he pleaded guilty to two counts of the production of child pornography under § 2251(a), but that his crimes were non-economic and completely intrastate, and thus, there is no valid authority by which Congress could regulate his conduct in this case. He maintains that the "watershed" decision of *National Federation of Independent Business v. Sebelius*, ___ U.S. ___, 132 S. Ct. 2566 (2012) supports his claim, and he argues that the Court's decision in that case overturned the Court's prior decision in *Gonzales v. Raich*, 545 U.S. 1 (2005).

In *Gonzales v. Raich*, 545 U.S. 1 (2005), the Supreme Court considered whether congressional authority existed pursuant to the Commerce Clause and the Necessary and Proper Clause, to prohibit the completely intrastate "cultivation and use of marijuana" using the

---

[2] Petitioner does not advance an argument that equitable tolling is applicable in this case, and there is nothing in the record to support its application. *See Davis v. Johnson*, 158 F.3d 806, 811 (5th Cir. 1998) (finding equitable tolling is applicable only in "rare and exceptional circumstances").

Controlled Substances Act. *Id.* at 6. The Court stated that its "case law firmly establishes Congress' power to regulate purely local activities that are a part of an economic class of activities that have substantial effect on interstate commerce." *Id.* at 16 (citations omitted). *Sebelius*, by contrast, addressed the Affordable Care Act. *See* ___ U.S. at ___, 132 S. Ct. at 2585-91. The Court there determined that the Affordable Care Act's requirement that most Americans either obtain health insurance or obtain a penalty was an unconstitutional exercise of Congress' Commerce Clause authority, as it forced into commerce individuals who elected to refrain from that type of activity. *Id.* at 2591.

*Sebelius* did not address the government's authority to regulate items, such as cameras, disks, or computers, and the Court finds that it did not abrogate *Raich*'s determination that as long as Congress has a rational basis for concluding that an intrastate activity could substantially affect interstate commerce, it may regulate the activity under the Commerce Clause. *See Raich*, 545 U.S. at 22. Numerous circuit decisions have found that the production of child pornography has a substantial effect on interstate commerce, and that Congress has the authority to prohibit its purely local production and possession under the Commerce Clause. *See, e.g., United States v. Morales-de Jesus*, 372 F.3d 6, 11 (1st Cir. 2004) (finding that statute criminalizing the local production of child pornography using materials transported in interstate commerce was within Congress' "substantial effect" Commerce Clause power); *United States v. Forrest*, 429 F.3d 73, 78-79 (4th Cir. 2005) (holding that Congress had a rational basis for concluding that intrastate manufacture and possession of child pornography substantially affects interstate commerce); *United States v. Kallestad*, 236 F.3d 255, 231 (5th Cir. 2000) (holding purely intrastate possession of child pornography is not beyond Congress' power under the Commerce Clause); *United States*

5

*v. Maxwell*, 446 F.3d 1210, 1218 (11th Cir. 2006) ("It is well within Congress's authority to regulate directly the commercial activities constituting the interstate market for child pornography and prohibiting the intrastate possession of . . . of an article of commerce as a rational . . . means of regulating commerce in that product.") (citation and internal quotation marks omitted). The Court finds Petitioner's argument without merit.

The Court further notes that Section 2251(a) reads, in pertinent part:

> Any person who employs, uses, persuades, induces, entices, or coerces any minor to engage in . . . any sexually explicit conduct for the purpose of producing any visual depiction of such conduct . . . shall be punished as provided under subsection (e). . . if that visual depiction was produced or transmitted using materials that have been mailed, shipped, or transported in or affecting interstate or foreign commerce by any means[.]

18 U.S.C. § 2251(a). Evidence was presented, and Petitioner agreed, that the camera Petitioner used to take the images was manufactured outside of Mississippi and traveled in interstate commerce. This is sufficient to satisfy the requirements of § 2251(a). *See Raich*, 545 U.S. at 17 (holding "that when 'a general regulatory statute bears a substantial relation to commerce, the *de minimis* character of individual instances arising under the statute is of no consequence.'" *Id.* at 17 (citation omitted). The fact that Petitioner created child pornography solely for his own personal use is irrelevant to the constitutionality of the statute. Petitioner's motion will be denied.

### Certificate of Appealability

An appeal cannot be taken from a final order adverse to Petitioner unless a certificate of appealability issues. 28 U.S.C. § 2253(c)(1)(B). Although Petitioner has not filed a notice of appeal, this Court must "issue or deny a certificate of appealability when it enters a final order

adverse to the applicant." Rule 11 of the Rules Governing Section 2255 Proceedings for the United States District Courts. A COA will issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). For claims rejected on their merits, Petitioner may obtain a COA by demonstrating "that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). As to claims rejected on procedural grounds only, Petitioner may obtain a COA by showing that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Id.* The Court finds that Petitioner cannot satisfy the *Slack* criteria, and a COA will not issue in this case.

## Conclusion

Petitioner's motion for relief under 28 U.S.C. § 2255 is **DENIED** (doc. entry no. 43), and this action is **DISMISSED WITH PREJUDICE**. A certificate of appealability from this decision is **DENIED**. The Court will enter final judgment by separate order.

**SO ORDERED, THIS** the 8th day of July, 2013.

_____
SENIOR JUDGE

7